UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Daniela Parra,

    Plaintiff,

v.

Manymar Corporation,
d/b/a Quality Print Center,

    Defendant,
_____/

## **COMPLAINT**

Plaintiff Daniela Parra by and through the undersigned counsel, hereby sues Defendant Manymar Corporation d/b/a Quality Print Center on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff Daniela Parra under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760, to redress the injury done to Plaintiff by Defendant's willful violations of Federal and State employment laws.

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. Additionally, Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.

6. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Dade County, within the jurisdiction of this Honorable Court.

<u>Parties</u>

7. Plaintiff Daniela Parra is a resident of Miami-County, who was employed by Defendant Manymar Corporation d/b/a Quality Print Center and is a member of certain protected classes of persons because of her participation, opposition, and engagement in protected activities against illegal discrimination based on Sex.

8. Plaintiff is a covered employee for purposes of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992, Florida Statute Section 760.

9. Corporate Defendant Manymar Corporation d/b/a Quality Print Center (hereinafter, Quality Print Center, or Defendant) is a Florida profit corporation conducting business in Dade County, State of Florida, within this Court jurisdiction.

10. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

11. At all relevant times, Defendant has continuously done business in Florida state and employed 15 or more employees.

## Procedural Requirements

12. All conditions precedent to this action has been fulfilled. On or about May 30, 2022, Plaintiff Daniela Parra dual-filed her Charge of Discrimination with the EEOC and also with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about January 19, 2023, the U.S. Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" with respect to such Charge of Discrimination. Such Notice was received by Plaintiff on or about January 23, 2023**.** Consequently, the present Complaint is being filed within 90 days of the date on which Plaintiff received the Dismissal and Notice of Rights, as allowed by law.  ***See composite Exhibit "A."***

13. All conditions precedent for the filing of this action before this Court has either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

## Statement Of Facts

14. Plaintiff Daniela Parra is a 26-year-old Colombian female, resident of Miami-Dade County, who was employed by Defendant, and she is a member of certain protected classes of persons because of her Sex and her participation in protected activities under Federal and State law.

15. Defendant Quality Print Center is a printing and marketing company providing its services to commercial accounts and the public. Defendant has facilities located at 11865 SW 26 ST, Unit C40, Miami, Florida 33175, where Plaintiff worked.

16. Defendant Quality Print Center employed Plaintiff Daniela Parra as a full-time customer service and office clerk employee from approximately August 9, 2019, to February 23, 2022, or 133 weeks.

17. Plaintiff was paid a weekly salary of approximately $800.00 per week.

18. Throughout her employment at Quality Print Center, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

19. However, during her employment with Quality Print Center, Plaintiff witnessed Sex discrimination in the form of sexual harassment and a hostile working environment perpetrated against a co-worker and family member. After Plaintiff opposed, denounced, and complained about the sexual harassment, she suffered retaliatory adverse employment action and was fired.

20. The discrimination and sexual harassment were perpetrated by Plaintiff's superior and owner of the business Manuel D. Hidalgo Jr.

21. Since her employment with Defendant began, Plaintiff, noticed that Manuel D. Hidalgo Jr. was always watching pornography on the five company computers and showed signs of inappropriate sexual behavior.

22. Plaintiff and her co-workers complained about this offensive behavior to Manager Marisol Hidalgo (owner's sister.) and the owner's mother and father, who also

worked at the same location. However, Manuel D. Hidalgo Jr. did not care, and he continued this wrongful conduct.

23. In another incident, Plaintiff and her co-workers discovered a hidden mini video camera strategically installed at the entrance of employees used by someone to spy and record females' underwear.

24. Plaintiff and her co-workers reported the unpleasant event to Manager Marisol Hidalgo. The camera was retired, but nobody knew about the results of the investigation.

25. Manager Manuel D. Hidalgo Jr. did not behave professionally. Furthermore, Plaintiff noticed that the Manager drank alcohol too often and displayed an aggressive temper.

26. On or around October 2020, Manager Manuel D. Hidalgo Jr. started his direct discrimination and sexual harassment against Plaintiff's cousin and co-worker, Jenifer Mendoza, who rejected Manager Manuel D. Hidalgo Jr.'s sexual advances.

27. Plaintiff witnessed how the owner of the business, Manager Manuel D. Hidalgo Jr. ignored her cousin's rejection, continued his sexual misconduct, and created for her cousin and co-worker a hostile working environment.

28. Plaintiff reported to her superior, Manager Marisol Hidalgo every time she found out about Manager Manuel D. Hidalgo Jr.'s wrongful behavior. However, Manuel D. Hidalgo Jr. walked away with total impunity.

29. Sometimes Plaintiff felt intimidated. Plaintiff feared that complaining about the harassment would cause her to lose her job, but she opposed the sexual

misconduct of Manager Manuel D. Hidalgo Jr. and complained to Manager Marisol Hidalgo multiple times.

30. This opposition constitutes protected activity under Title VII and Chapter 760 of the Florida Human Rights Act.

31. On or about November 11, 2021, Plaintiff received a telephone call from her cousin. She was crying and told her that owner Manuel D. Hidalgo Jr., had sexually assaulted her, that she ran away to her car, and he followed her, demanding to have sex with her.

32. Plaintiff reported the incident to her boss, Manager Marisol Hidalgo and complained about the sex discrimination and sexual harassment that her cousin was suffering. Manager Marisol Hidalgo stated that she would investigate the next day.

33. These complaints constitute protected activity under Title VII and Chapter 760 of the Florida Human Rights Act.

34. Manager Manuel D. Hidalgo Jr. stopped the sexual harassment, but he revengefully began to retaliate against Plaintiff's cousin.

35. After an incident on November 19, 21021, Plaintiff's cousin and co-worker could not take it anymore. She was emotionally so disturbed and overwhelmed that she took a leave of approximately six weeks.

36. Plaintiff's cousin returned to work on or about January 05, 2021, under the promise that Manuel D. Hidalgo Jr. would not be at the workplace anymore.

37. However, owner Manuel Hidalgo Jr. returned to work drunk, and there were more sexual harassment complaints.

38. As a consequence, on or about February 14, 2022, Defendant fired Plaintiff's cousin.

39. At the time, Plaintiff was working at home because she had a baby on or about February 01, 2022, and she was supposed to be on maternity leave.

40. On or about February 23, 2022, while Plaintiff was working at home, on maternity leave, and supposedly protected from losing her job, Defendant fired Plaintiff in retaliation for her opposition and participation in protected activities under Title VII and Chapter 760 of the Florida Human Rights Act.

41. On or about February 23, 2022, Plaintiff Daniela Parra was discharged by Defendant, and her human and civil rights were violated. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and retaliation because of Plaintiff's continuous complaints about Sex discrimination and sexual harassment perpetrated against a female employee, in violation of both Federal and State Laws.

42. At all times during her employment with Defendant, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

43. Defendant's termination of Plaintiff was in direct violation of Title VII and under Chapter 760 of the Florida Human Rights Act, and as a direct result, Plaintiff has been damaged.

44. Defendant Quality Print Center is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the

Sex discrimination, harassment, and retaliation despite Defendant's knowledge that such discrimination, and harassment, were occurring.

45. Defendant failed to take prompt and effective remedial action, reasonably calculated to end the harassment and retaliation. The inaction of Defendant favored and perpetuated unlawful discrimination.

46. Defendant's failures included but were not limited to conducting an adequate investigation in response to the complaints; failing to adequately discipline and separate the harasser; failing to follow complaint procedures and take sexual harassment complaints seriously; and failure to discourage other employees from engaging in discriminatory conduct.

47. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise affect her status as an employee because of her engagement in protected activities in opposition to unlawful discriminatory practices.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: RETALIATION

48. Plaintiff Daniela Parra re-adopts every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

49. At all times material hereto, the Employer/Defendant Quality Print Center failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing *under this subchapter.*" 42 U.S.C. § 2000e-3(a) (emphasis added).

50. Defendant Quality Print Center is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

51. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

52. Defendant Quality Print Center, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff Daniela Parra on account of Plaintiff's complaints and opposition to illegal Sex discrimination at the workplace.

53. Plaintiff opposed and complained about the unlawful discrimination and harassment suffered by her cousin and co-worker at the hands of her superior Manager Manuel D. Hidalgo Jr. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

54. But, Plaintiff's complaints did not end the Sex discrimination and sexual harassment of the female employee perpetrated by her superior and owner of the business.

55. Plaintiff's complaints brought her only increased harassment from her superior and her own employer, Quality Print Center.

56. On or about February 23, 2022, Plaintiff Daniela Parra was terminated by Defendant. Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination and harassment based on Sex, in violation of Federal Law.

57. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

58. Plaintiff Daniela Parra was fired by Defendant, and the termination was directly and proximately caused by Plaintiff's complaints and opposition to unlawful discrimination.

59. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's opposition, and complaints about Sex discrimination and sexual harassment occurring at the workplace.

60. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to her Sex and retaliation due to her complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes illegal retaliation.

61. As a result of the retaliation, Plaintiff Daniela Parra has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

62. At the time that Plaintiff opposed the discrimination and harassment perpetrated by her superior and owner of the business, Plaintiff was terminated without good cause, in violation of the anti-retaliation provision of Title VII.

63. Defendant Quality Print Center's acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

64. Defendant Quality Print Center is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

65. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## Prayer For Relief

Wherefore, Plaintiff Daniela Parra respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Quality Print Center, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant Quality Print Center to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and Attorneys' fees and costs.

### Demand for a Jury Trial

Plaintiff Daniela Parra demands a trial by jury on all issues triable as of right by a jury.

### COUNT II:
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CHAPTER 760, FLORIDA STATUTES;   RETALIATION

66. Plaintiff Daniela Parra re-adopts every factual allegation stated in paragraphs 1-47 of this Complaint as if set out in full herein.

67. This is an action against Defendant Quality Print Center for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

68. The FCRA contains an anti-retaliation provision forbidding employers from retaliating or from taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

69. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."*

70. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

71. While working for Defendant Quality Print Center, Plaintiff opposed and denounced that Manager Manuel D. Hidalgo Jr. discriminated against and harassed Plaintiff's cousin and co-worker on basis of her Sex.

72. Plaintiff reasonably engaged in protected activity by complaining about the unlawful discrimination with her own employer, Quality Print Center.

73. Plaintiff complained and opposed the unlawful discrimination and sexual harassment suffered by her cousin at the hands of her superior and owner of the business Manager Manuel D. Hidalgo Jr. Plaintiff opposed the unlawful discriminatory conduct of this individual.

74. But Plaintiff's complaints brought her only harassment and retaliation from her employer, Quality Print Center.

75. On or about February 23, 2022, Plaintiff Daniela Parra was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination and harassment based on Sex, in violation of State Law.

76. At the time that Plaintiff opposed the Sex discrimination and harassment of her superior, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of the FCRA, *Fla. Stat. Section 760.10,* (7)

77. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

78. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment based on Sex that was occurring at the workplace.

79. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex and retaliation due to her complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

80. As a result of the retaliation, Plaintiff Daniela Parra has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

81. Defendant Quality Print Center's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

82. Defendant Quality Print Center is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

83. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Daniela Parra respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant Quality Print Center, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff Daniela Parra a judgment against Defendant Quality Print Center for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant Quality Print Center;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Daniela Parra demands a trial by jury on all issues triable as of right by a jury.

Date: January 31, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
**zep@thepalmalawgroup.com**
*Attorney for Plaintiff*